**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

ZUFFA, LLC,

Plaintiff,

v.

JEFF THOMAS et al.,

Defendants.

Civil Action No. 8:11-cv-00673-AW

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. The Court has reviewed the record and deems no hearing necessary. For the reasons that follow, the Court **DENIES** both Motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Zuffa, LLC d/b/a the Ultimate Fighting Championship (UFC) is a Nevada LLC whose principal place of business is Nevada. Defendant J F Jones Enterprises LLC (J F Jones) is a Maryland LLC whose principal place of business is Maryland. J F Jones does business as Hotel Charles. Defendant Joseph F. Jones (Jones) is a principal of J F Jones with supervisory capacity and control over the activities in Hotel Charles.[1]

Plaintiff owns the UFC 121 broadcast. This includes all undercard matches and the entire television broadcast scheduled for October 23, 2010 via closed circuit television and via encrypted satellite signal. The gravamen of Plaintiff's Complaint is that Defendants unlawfully intercepted and broadcasted UFC 121.

[1] Plaintiff has also sued Jeff Thomas and XYZ Corp. Plaintiff later dismissed its claims against these two Defendants. Doc. No. 27. The Court approves this stipulation.

As a part of its normal business operations, Plaintiff engages in anti-piracy activities. To this end, Ta'mi Clark (Clark), an auditor, entered Hotel Charles on the night of October 23, 2010. Clark witnessed 123 patrons watching UFC 121. Defendants did not purchase licensing rights to UFC 121 and Plaintiff did not otherwise authorize them to exhibit it.

Hotel Charles is a commercial business that was serving food and/or alcohol on October 23, 2010. Hotel Charles had two television sets with the capability of receiving cable television broadcasts on October 23, 2010. Additionally, Hotel Charles had the capability of receiving broadband, Wi-Fi, and/or satellite television broadcasts. During her audit, Clark did not see a satellite dish on the premises. Doc. No. 26-1 at 24. Nor did she see a cable box or satellite receivers. *Id.* at 25.

On March 14, 2011, Plaintiff filed its three-Count Complaint. Counts I and II assert anti-piracy claims under, respectively, 47 U.S.C. § 605 and 47 U.S.C. § 553. Count III asserts a copyright infringement claim under 17 U.S.C. § 501. Plaintiff also seeks enhanced statutory damages and attorney fees pursuant to various statutory provisions. Plaintiff filed an Amended Complaint on January 1, 2012 that asserts the same claims.

In the meantime, the Court issued a Scheduling Order. The Scheduling Order set a dispositive pretrial motions deadline of February 13, 2012. Doc. No. 10 at 2. Via consent motion, the Court later extended this deadline to May 18, 2011. Doc. Nos. 24–25.

On the same day, Plaintiff filed a timely Motion for Summary Judgment. Doc. No. 26. In its Motion for Summary Judgment, Plaintiff moves for summary judgment on its anti-piracy claim under Count I and its copyright claim under Count III.

On June 4, 2012, Defendants moved for an extension of time to respond to Plaintiff's Motion for Summary Judgment, asking the Court to push back the deadline for responding to

Plaintiff's Motion for Summary Judgment to June 11, 2012. Doc. No. 28. The Court granted this Motion on the following day.

On June 11, 2012, Defendants did not file a formal response to Plaintiff's Motion for Summary Judgment. Rather, Defendants filed a document titled Motion to Strike Plaintiff's Motion for Summary Judgment and Motion to Dismiss Complaint (Cross-Motion for Summary Judgment). Doc. No. 31.

Defendants argue in their Cross-Motion for Summary Judgment that Plaintiff lacks capacity to sue in Maryland courts because it is not registered to do business in the state of Maryland. Defendants also argue that naming Jones as a party to the suit was improper because, as a member of an LLC, Jones cannot incur personal liability for the acts of J F Jones/Hotel Charles.

On June 26, 2012, Plaintiff filed a response in opposition to Defendants' Cross-Motion for Summary Judgment. Doc. No. 32. Plaintiff raises three primary arguments in its response in opposition. First, Plaintiff argues that Defendants' Cross-Motion for Summary Judgment is untimely and, therefore, should be stricken in its entirety. Second, Plaintiff argues that it has capacity to sue under Maryland law. Third, Plaintiff appears to argue that it has stated a cognizable claim that Jones wilfully violated the anti-piracy statute and that Jones is vicariously liable for copyright infringement. Both outstanding Motions are ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of

credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III. LEGAL ANALYSIS

### A. Whether to Strike Defendants' Cross-Motion for Summary Judgment

Plaintiff argues that the Court should strike Defendants' Cross-Motion for Summary Judgment in its entirety because it is untimely. Defendants do not respond to this argument. *See* Doc. No. 34 at 1–2.

Rule 16 of the Federal Rules of Civil Procedure provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to file dispositive motions. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). "The movant satisfies the good cause requirement by showing that, despite due diligence, it could not have [filed the dispositive motion] in a reasonably timely manner." *Holliday v. Holliday*, Civil Action No. 09–cv–01449–AW, 2012 WL 1409527, at *3 (D. Md. Apr. 20, 2012) (citation omitted).

In this case, Defendants have not shown good cause for their failure to assert their dispositive motion in a timely manner. Defendants did not move for an extension to the dispositive motions deadline or otherwise explain why they could not have asserted their claims in a timely fashion. Indeed, Defendants have not responded to Plaintiff's request that the Court strike their Cross-Motion for Summary Judgment.

Therefore, the Court will strike Defendants' Cross-Motion for Summary Judgment. However, because Plaintiff stipulated that Defendants could file a belated response in opposition to its Motion for Summary Judgment, the Court treats Defendants' Cross-Motion for Summary Judgment as a response in opposition.

**B. 47 U.S.C. § 605 (Signal Piracy)**

Plaintiff argues that it is entitled to summary judgment on its signal piracy claim. Plaintiff notes that its auditor observed UFC 121 being transmitted in Hotel Charles and that Defendants lacked licensing and/or authorization to do so. Plaintiff also notes that Hotel Charles had two television sets capable of receiving cable television and satellite television broadcasts. Based on these observations, Plaintiff contends that a reasonable juror could only conclude that

Defendants violated § 605. Plaintiff does not move for summary judgment under a related signal piracy prohibition, 47 U.S.C. § 553.

Pertinently, 47 U.S.C. § 605 provides as follows:

> [N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605.

"Sections 553 and 605 have generated numerous cases which grapple with how to apply potentially overlapping provisions to various fact situations." *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, Civil Action No. WMN–11–1973, 2011 WL 6141058, at *3 (D. Md. Dec. 8, 2011) (citation and internal quotation marks omitted). "Section 553, by its plain language, clearly applies only to cable systems." *Id.* However, "[s]ection 605 . . . prohibits the unauthorized interception of radio communication, which some courts equate to satellite transmissions and others interpret more broadly." *Id.* (citation and internal quotation marks omitted). Specifically, "§ 605 applies to the interception of cable signals before they begin to travel through the cable." *Id.* at *4 (citation and internal quotation marks omitted). By contrast, "[s]ection 553 applies to

transmissions at the point in the system that the transmission is carried by coaxial cable or wires." *Id.* (citation and internal quotation marks omitted).

In this case, genuine factual disputes preclude summary judgment on Plaintiff's § 605 claim. To prevail on its § 605 claim, Plaintiff must show that Defendants intercepted the transmission of UFC 121 before it entered the cable. However, the undisputed evidence does not compel this conclusion. Although it is undisputed that Hotel Charles had the capacity to receive cable and satellite television broadcasts, the undisputed evidence does not lead ineluctably to the inference that Defendants intercepted the satellite signal before it entered the cable wire. Based on the lack of relevant evidence, it is equally plausible that Defendants intercepted the signal after its entry into the cable. Moreover, although Defendants concede that Hotel Charles had the capacity to receive cable and satellite broadcasts, Plaintiff's own auditor states that she did not see a cable box or satellite receivers in the establishment. In short, there are too many factual uncertainties for the Court to hold that a reasonable juror could only conclude that Defendants intercepted the signal before it entered the cable wire.

Plaintiff responds that it is impossible to determine precisely how Defendants pirated UFC 121 without discovery and that Defendants have refused to participate in discovery. Beyond being somewhat misleading, this argument misses the point. The record reflects that, at least in small part, Defendants have participated in discovery. The Court has relied on Defendants' answers to Plaintiff's requests for admissions in this Opinion. Furthermore, to the extent Defendants have not adequately participated in discovery, the appropriate course of action would have been to file a discovery motion. In sum, Plaintiff's concession that it "does not know the precise method that Defendants used to obtain the subject program" precludes summary judgment on its § 605 claim.

**C. 17 U.S.C. § 501 (Copyright)**

The Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., protects "'original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated.'" *Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (quoting 17 U.S.C. § 102(a)). A copyright holder has exclusive rights to use and to authorize the use of his work in five qualified ways: (1) to reproduce the work; (2) to prepare derivative works; (3) to distribute copies of the work to the public; (4) to perform the work publicly; and (5) to display the work publicly. *Advance Magazine Publishers, Inc. v. Leach*, 466 F. Supp. 2d 628, 634 (D. Md. 2006) (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 432–33 (1984)). A person who violates one or more of these five rights incurs liability for copyright infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To bring a claim for copyright infringement, plaintiffs must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* (citation omitted); *see also Keeler Brass Co. v. Cont'l Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988) (citation omitted) ("In essence, a plaintiff must establish two elements in a copyright infringement action: ownership of the copyright by the plaintiff and copying by the defendant.").

In this case, the record does not yet reflect that it is proper to enter summary judgment on Plaintiff's copyright claim. Element (1) of the prima facie case for copyright infringement requires Plaintiff to show ownership of a valid copyright. However, the certificate of registration Plaintiff cites to show ownership of UFC 121 states that the title of the protected work is "UFC 121: Lesnar vs. Velasquez-Spanish Program Line Cut." Doc. No. 26-1 at 13. Similarly, in the line for "Previous or Alternative Title," the certificate of registration reads "Spanish language

version of video recording of October 23, 2010 UFC event at the Honda Center, Anaheim, California." *Id.* Accordingly, insofar as Plaintiff's copyright claim is for rebroadcast of the English-language version of UFC 121, Plaintiff has yet to state even a prima facie case for copyright infringement.[2]

**D. Defendants' Counterarguments**

Defendants argue that Plaintiff lacks capacity to sue in Maryland courts. Defendants also argue that Plaintiff improperly named Jones to the suit because, as a member of an LLC, he lacks personal liability.

*1. Capacity to Sue in Maryland Courts*

Whether a party has capacity to sue in federal court is determined under Rule 17 of the Federal Rules of Civil Procedure. Rule 17 generally provides that, for parties other than individuals and corporations, capacity to sue is determined under the law of the state where the district court sits. *See* Fed. R. Civ. P. 17(b)(3). However, partnerships and other unincorporated associations that lack capacity to sue under the law of the state where the district court sits may sue "in [their] common name to enforce a substantive right existing under [federal law]." Fed. R. Civ. P. 17(b)(3)(A).

Therefore, as Plaintiff is an LLC, the Court need not address whether it has capacity to sue under Maryland law and must only consider whether it has sued to enforce a substantive right existing under federal law. The answer to this question is yes. Plaintiff has asserted anti-

[2] Plaintiff does not expressly argue that Defendants infringed its rights to the Spanish-language broadcast of UFC 121. Even if it did, summary judgment would be improper. Although the video that Plaintiff's auditor recorded shows UFC 121 being played in Hotel Charles, the video contains no audio. Furthermore, Hotel Charles is located in Hughesville, Maryland and the video shows English-language signs in the background.

piracy and copyright claims under federal law. Accordingly, Defendants' argument that Plaintiff lacks capacity to sue in this Court fails as a matter of law.

*2. Whether Plaintiff Can Sue Jones in an Individual Capacity*

Rule 17 also governs the capacity to be sued in federal court. Individuals acting in a representative capacity in an LLC may be sued to enforce a substantive right existing under federal law. *See* Fed. R. Civ. P. 17(b)(1), (3)(A). However, individuals acting in a nonrepresentative capacity may be sued in accordance with the law of the state where the district court sits. *See* Fed. R. Civ. P. 17(b)(1).

Here, Plaintiff sues Jones both individually and in a representative capacity. Under the plain language of Rule 17, Maryland law would apply to the question whether Plaintiff can be sued individually.

Maryland law generally provides that "no member shall be personally liable for the obligations of the limited liability company . . . **solely** by reason of being a member of the limited liability company." Md. Code Ann., Corps. & Ass'ns § 4A-301 (emphasis added). As the language "solely" implies, LLC members may incur individual liability for the unlawful acts of LLCs in certain circumstances. *See Allen v. Dackman*, 991 A.2d 1216, 1229 (Md. 2010). Generally, "[a]n LLC member is liable for [the unlawful acts] he or she personally commits, inspires, or participates in." *See id.*

In this regard, Maryland law is largely in accord with federal authority. Several federal courts have held that individual liability may arise under § 605 in certain circumstances. *See J & J Sports Prods., Inc. v. L & J Grp., LLC*, No. RWT 09cv3118, 2010 WL 816719, at *1 (D. Md. Mar. 4, 2010) (citing cases). Although no clear rationale has emerged from these holdings, personal liability tends to turn on whether (1) the individual's actions are indistinguishable from

those of the business association or (2) whether the individual has supervisory control over the allegedly unlawful actions and a strong financial incentive in them. *Cf. id.* Likewise, federal law recognizes contributory copyright infringement claims. *See Coach, Inc. v. Farmers Market & Auction*, Civil Action No. AW–11–01239, 2012 WL 3195132, at *10–11 (D. Md. Aug. 7, 2012).

In this case, neither party has identified evidence shedding light on Jones's role, or lack thereof, in the alleged interception of UFC 121. Therefore, the Court must reserve the question whether Jones's actions suffice to sustain a finding of individual liability for trial.

Defendants would respond that Plaintiff's claim for individual liability as to Jones should be dismissed because Plaintiff merely alleges that Jones had supervisory control over Hotel Charles and fails to allege specific facts regarding his participation in the interception of UFC 121.

This argument fails on both procedural and substantive grounds. Procedurally, the Court struck Defendants' Cross-Motion for Summary Judgment because it was untimely. Therefore, Defendants lack standing to assert this argument in the context of this Opinion.

In terms of substance, Plaintiff's allegations state a facially plausible claim for personal liability against Jones. To support its claim for individual liability, Plaintiff alleges that (1) Jones had supervisory control over Hotel Charles on the night in question, including its internal operating procedures and employment practices; (2) Jones received a financial benefit from the operation of Hotel Charles on the night in question; and (3) one or more Defendants used technology to wilfully intercept Plaintiff's signal for UFC 121. While lacking specificity, these allegations suffice to state a claim for individual liability under § 605. *Cf. J & J Sports*, 2010 WL 816719, at *2 (plaintiff stated a cognizable claim for individual liability based on an "admittedly formulaic" complaint).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **DENIES** Defendants' Cross-Motion for Summary Judgment. A separate Order follows. The Court will schedule the case for trial.

December 18, 2012
Date

/s/
Alexander Williams, Jr.
United States District Judge